Green, J.
delivered the opinion of the court.
An execution issued the 11th of February, 1840, from this court in favor of the plaintiff, against Fulton and Cleveland, administrators of Thurmond, for $576 76, besides costs. This fi.fa. came to the hands of defendant Blake, sheriff of Lincoln county, on the 17th of February, 1840, upon which he has made the following return: “Received, March 18th, 1840, of James Fulton, six hundred and fifty-nine dollars and forty-two cents, in full of this fi. fa.; retained on fi. fa. of Isaac Broils against Joseph Hinkle in *575 my hands, forty-eight dollars sixty cents; retained on bond given to me by Joseph Hinkle to indemnify me in the event of a motion being made against me as sheriff of Lincoln county, in the chancery court of said county, in the case of Joseph Chrisman against Joseph Hinkle, to pay all costs and. damages that might accrue to me, for his failing to pay said claim in my hands against him; and he did fail to pay said debt agreeable to his bond, therefore judgment was taken against me, by which I sustained damage to the amount of two hundred and ninety-three dollars and seventy-one cents, which amount is retained,”
Notice having been given according to law, the plaintiff now moves, upon the production of a certified copy of said sheriff’s bond, for judgment against him and his securities for the money collected on said ji. fa., deducting the amount retained to satisfy Broils’ execution against plaintiff. The act of 1837-8, ch. 190, sec. 1, makes it the duty of the sheriffs of this State to return all executions coming to their hands, “with a sufficient response” thereon, on or before the day of return, mentioned in such execution. The question then is, whether the return of the sheriff in this case is a “sufficient response;” and we think that most clearly it is not. The sheriff undertakes to retain in his own hands the amount of damages which he supposes he is entitled to recover against the plaintiff on an indemnifying bond, whieh the plaintiff had executed to him in another case. This he has no right to do. If it were allowed in this case, a sheriff might in every case, where he supposes he has a cause of action against the plaintiff in an execution, retain so much of the money he may collect on the execution, as he may suppose will satisfy his demand. As he has no right to retain this money, the response or return he has made, is not such as the law requires, and therefore is not sufficient to protect him from liability -to this motion. The words “sufficient response” in this act, require that the return shall be such, as the law makes it the duty of the shei'iff to endorse on thefi.fa. and such as would not under the act of 1835, ch. 19, sec. 6, be an “insufficient return.”
The plaintiff is therefore entitled to his judgment, for the sum collected upon the ji. fa. by the sheriff, deducting the sum of $48 60, retained to satisfy an execution in his hands against the plaintiff, together with twelve and one half per cent damages, and interest on the amount at the rate of six per cent up to the return day of the execution.